IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-53,613-05





EX PARTE LARRY RAY SWEARINGEN







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 99-11-06435-CR FROM THE


9TH DISTRICT COURT OF MONTGOMERY COUNTY





Per Curiam.


ORDER



 This is a second subsequent application for writ of habeas corpus filed pursuant to
Texas Code of Criminal Procedure, Article 11.071, Section 5.

 Applicant was convicted of capital murder on June 28, 2000, and sentenced to death. 
We affirmed the conviction and sentence on direct appeal. Swearingen v. State, 101 S.W.3d
89 (Tex. Crim. App. 2003). On March 11, 2002, applicant filed his initial application for
writ of habeas corpus pursuant to Article 11.071. We denied relief. Ex parte Swearingen,
No. WR-53,613-01 (Tex. Crim. App. May 21, 2003). On January 22, 2007, applicant filed
a subsequent application. Six of his claims were remanded to the convicting court for
resolution. We reviewed the findings of the convicting court, adopted them, and denied his
application. Ex parte Swearingen, WR-53,613-04 (Tex. Crim. App. January 16, 2008). 
Applicant has now filed this second subsequent application in which he raises six claims. 
After reviewing the application we find that claims one through four do not meet the
requirements of Article 11.071, Section 5, for consideration of subsequent claims and they
are dismissed as an abuse of the writ.

 Applicant's claims five and six allege that the State withheld material, exculpatory
evidence and knowingly sponsored false testimony. We find that applicant's claims five and
six meet the requirements for consideration of subsequent claims. These claims are
remanded to the convicting court for resolution. While resolving the claims, we request that
the convicting court specifically inquire into the following: (1) Whether applicant's trial
counsel reviewed or had access to the reports that Robbie Grove had been interviewed as a
suspect or person with possible information as part of the investigation; (2) whether habeas
counsel reviewed or had access to the reports that Robbie Grove was investigated, and (3)
whether investigators interviewed Lisa Roberts as part of the investigation. The trial court
shall also make findings of fact regarding whether an affidavit from Lisa Roberts could
reasonably have been obtained before applicant's first application was filed, and the
credibility of the affidavit..

 IT IS SO ORDERED THIS THE 5TH DAY OF MARCH, 2008.

Do Not Publish